UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT DEGIOIA,

                Plaintiff,

   - against -
ROSE IZZO, KEVIN IZZO
(a/k/a KEVIN BALTUSKONIS), and
SAMANTHA ROSE GHUNEIM,

                Defendants.
-----------------------------------------------------------------X

Docket No. 08 1336

**COMPLAINT**

TOWNES J.
AZRACK, J.

VINCENT DEGIOIA, by and through his attorney, ROBERT WANKER, ESQ., complains of the defendants as follows:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 02 2008 ★
BROOKLYN OFFICE

## INTRODUCTION

This action is brought by plaintiff to recover monies and savings bonds stolen from him by his niece, with the assistance of her husband and daughter, who entrusted her with power of attorney to look after his affairs after he had suffered two strokes in 2007. Defendants took advantage of plaintiff's trust and feeble condition by conspiring together to rob plaintiff of all of his assets, leaving him literally penniless, unable to afford even to remain in his assisted living facility. Defendants' activities constitute an ongoing pattern of racketeering activity, in violation of the civil RICO statute, as well as a breach of fiduciary duty, fraud, and conversion, in violation of the common law. Plaintiff thus seeks compensatory and punitive damages, as well as injunctive relief.

## JURISDICTION AND VENUE

1. Jurisdiction over the claims arising under 18 U.S.C. § 1962 is proper in this Court pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331. Supplemental jurisdiction over the common law claims is appropriate under 28 U.S.C. § 1367.

2. Alternatively, jurisdiction properly lies with the federal court pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00) and the parties are citizens of different states.

3. Venue is proper in this district under 18 U.S.C. § 1965(a) and (b) because plaintiff is a citizen of this district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise Plaintiff's claims occurred in the Eastern District of New York

4. In further support of the propriety of venue in this District, the defendants, either individually, or through their agents, as part of their conspiracy, have transacted business within this District and State, have committed tortious acts against plaintiff within this District and State, causing injury to plaintiff and his property in this State.

## PARTIES

5. Plaintiff VINCENT DEGIOIA (hereinafter "plaintiff" or "Mr. DeGioia") is an seventy-two (72) year old resident of Brooklyn, New York, where he has resided his entire life. Due to his failing physical and mental health, Mr. DeGioia entrusted power-of-attorney to his relative, his niece, to carry on his affairs and transact business in his name to alleviate the stress that these ministerial tasks can often cause. Shortly after doing so, he came to find that his bank accounts had been emptied and closed, as well as hundreds of thousands of dollars worth of savings bonds cashed in. Defendants conspired together and jointly looted all of plaintiff's assets, leaving him broke and uncertain as to how to pay for his residential care facility. Plaintiff is now potentially homeless. Plaintiff brings this action to recover the funds stolen from him by defendants, and also seeks punitive damages under the civil RICO statute.

6. Defendant ROSE IZZO (hereinafter "defendant Izzo") is plaintiff's niece. She is forty years old and resides in a single family home in Morton, Pennsylvania with her current husband and her daughter from a previous relationship. Defendant Izzo does not work and, upon information and belief, has no legitimate source of income. Plaintiff placed his trust in her, at her insistence, to carry on his affairs as his physical state worsened. She used this trust to gain power of attorney and, together with her husband and daughter, to take her uncle for all he was worth.

7. Defendant KEVIN IZZO a/k/a KEVIN BALTUSKONIS (hereinafter "defendant Baltuskonis") is the husband of defendant Izzo, who very unconventionally took his wife's last name upon their marriage. Perhaps this name change was an attempt at concealing a sordid past; upon information and belief, defendant Baltuskonis has at least a quasi criminal history. He and defendant Izzo conspired together and acted in concert to embezzle funds from defendant Izzo's uncle, Mr. DeGioia, to the point that plaintiff is now left with literally nothing.

8. Defendant SAMANTHA ROSE GHUNEIM ("defendant Ghuneim") is the seventeen year-old daughter of defendant Izzo. Defendant Ghuneim's involvement in the conspiracy is limited, as far as plaintiff and plaintiff's counsel have been able to ascertain, to obtaining replacement U.S. Savings Bonds from the Department of Treasury by, together with defendant Izzo, submitting falsified documents, as more fully set forth below.

## BACKGROUND

9. Plaintiff Vincent DeGioia has led a very modest life, storing away anything extra he earned to provide for himself in his retirement.

10. In or about January 2007, Mr. DeGioia suffered a stroke. His recovery was difficult, and during that period of recuperation he found that he need assistance in keeping up with his bills and generally keeping his affairs in order.

11. To that end, Mr. DeGioia accepted the assistance of a "friend" (who passed himself off to Mr.DeGioia's neighbors as his son), who offered to take care of these things for Mr. DeGioia until he was well enough to resume doing them for himself.

12. This arrangement ended badly, with Mr. DeGioia's "friend" using a power of attorney to steal valuables from Mr. DeGioia's safe deposit box, as well as use Mr. DeGioia's money for his own personal benefit rather than solely to pay Mr. DeGioia's bills and expenses. The N.Y. P.D. forced this "friend" to make restitution, and he is now facing arrest.

13. Though Mr. DeGioia made nearly a complete recovery from the January 2007 stroke, he had a major setback in his rehabilitation when he suffered another stroke in June of that same year.

14. Neighbors of Mr. DeGioia began seeking out family members of Mr. DeGioia's to alert them to his condition. This is how Rose Izzo and her household found out about Mr. DeGioia's weakened state, as well as about Mr. DeGioia's having been robbed after signing over power-of-attorney to his "friend". She then found out his location, and went to see him in the hospital.

15. Ms. Izzo volunteered to help Mr. DeGioia pay his bills and, purportedly for that purpose, asked Mr. DeGioia to execute a power-of-attorney. He was in a frail state in every respect – physically, mentally, and emotionally. He had no other family or close friends on which to rely, and in a very vulnerable mental state took Ms. Izzo up on her suggestion and signed the form.

16. Ms. Izzo paid Mr. DeGioia's rent one time after that, and has not paid that bill, or any other bill, from the sate of the execution of that document to the present day.

17. Very shortly after obtaining the power of attorney, in fact, within weeks, defendant Izzo began moving funds from Mr. DeGioia's account into her own personal accounts, as well as into accounts of her husband, defendant Baltuskonis.

18. Also, defendant Izzo and defendant Ghuneim made an application to the U.S. Department of Treasury for the re-issuance of savings bonds in Mr. DeGioia's name to their possession, falsely claiming that Mr. DeGioia was suffering from dementia and had lost the bonds.

19. Now Mr. DeGioia's bank accounts have been closed, with all the funds in the defendants' possession, either in the form of cash, bonds, or purchases they have made using the money stolen from Mr. DeGioia.

20. Mr. DeGioia, having no money remaining in his bank accounts, attempted to cash in his savings bonds to pay for his assisted living facility. Shortly after redeeming the cash value of the bonds Mr. DeGioia received a letter from the U.S. Department of Treasury informing him that the bonds had been re-issued, and thus, that the bonds he cashed in were null and void, and that the money must be returned.

21. Defendants have not been in contact with Mr. DeGioia since their looting of his assets was completed.

22. In total, Mr. DeGioia has been robbed by defendants of more than One Million Dollars ($1,000,000.00).

23. From on or about June 2007 and continuing into the present, defendants actively conspired with one another to defraud Mr. DeGioia and others. As part of this far-reaching scheme to defraud, defendants committed the predicate acts aforementioned, as well as made false statements to the United States government.

24. Instead of fulfilling her duty to protect Mr. DeGioia's interests in the money and assets that defendant Izzo was charged with protecting, Izzo and her cohorts undertook to protect only their own interests and refused and failed to fulfill their fiduciary duties of loyalty, due care and full disclosure.

25. Defendants' pattern of racketeering activity has involved conduct occurring over a substantial period of time and has involved many predicate acts undertaken in many separate locations, including New York City. As part of their conspiracy, Defendants have enlisted the knowing and unknowing assistance of several banks, trust companies and other financial institutions to facilitate their fraud.

26. This activity is ongoing, and continuing in nature. In fact, upon information and belief, defendants perpetrated a similar scheme upon Mr. DeGioia's mother before her death (the details of that are only partially known).

27. Moreover, the fraudulent schemes used by Defendants present a threat that they will be continued into the future.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE CIVIL RICO STATUTE, 18 U.S.C. §§ 1961-68

28. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 27 as if fully stated herein.

29. Defendants Izzo, Baltuskonis, and Ghuneim are each a "person" within the meaning of 18 U.S.C. §§ 1961(3).

30. The Defendants formed an association-in-fact for the common and continuing purpose of implementing their scheme to defraud Mr. DeGioia and constitute an "enterprise" within the meaning of 18 U.S.C. § 1961(4). The enterprise was engaged in, and its activities affected, interstate and foreign commerce during the relevant times.

31. The Defendants were each employed by or associated with the enterprise and, in violation of 18 U.S.C. § 1962(c), conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5), involving multiple predicate acts of mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

33. Each of the defendants, individually and together with the others, directed and managed some part of the affairs of the enterprise.

34. The defendants also conspired to violate the provisions of 18 U.S.C. § 1962(d).

35. Each of the Defendants knowingly agreed and conspired together to breach their fiduciary duties and defraud Mr. DeGioia in New York and elsewhere, and to commit or assist in the commission of at least two of the predicate acts set forth above, with the knowledge and intent that such acts were in furtherance of the scheme to defraud.

36. Mr. DeGioia has been injured in his property (and his health) by reason of the defendants' violations of 18 U.S.C. § 1962(c) and (d).

37. By reason of the defendants' violations of 18 U.S.C. § 1962(c), Mr. DeGioia has suffered damages in an amount to be determined at trial.

38. Pursuant to 18 U.S.C. § 1964(c), Mr. DeGioia is entitled to recover three times his damages, plus interest, costs and attorneys' fees by reason of the Defendants' violations of 18 U.S.C. § 1962(c) and (d).

## AS AND FOR A SECOND CAUSE OF ACTION (Against Defendant Rose Izzo) BREACH OF FIDUCIARY DUTY (STATE LAW CLAIM)

39. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 38 as if fully stated herein.

41. Defendant Rose Izzo owes fiduciary duties of loyalty and due care to Mr. DeGioia.

42. With intent to deceive and defraud Mr. DeGioia, and with the intention that Mr. DeGioia would rely thereon, defendant Rose Izzo fraudulently concealed and misrepresented facts to Mr. DeGioia in order to deprive him of his property.

43. By virtue thereof, defendant Rose Izzo breached her fiduciary duties of undivided loyalty, due care, candor, good faith and fair dealing.

44. As a direct and proximate consequence of the conduct described herein, Mr. DeGioia has been damaged thereby, in New York and elsewhere, and is entitled to recover damages in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Against Defendants Izzo and Baltuskonis)
### COMMON LAW CONVERSION

45. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 44 as if fully stated herein.

46. Mr. DeGioia is the rightful owner of the funds previously contained in various bank accounts amounting to at least Five Hundred Thousand Dollars ($500,000.00).

47. Defendants Izzo and Baltuskonis converted Mr. DeGioia's money to their own use as described above.

48. As a result of said conversion, Mr. DeGioia has been damaged in the amount of at least the amount stated above, plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Against Defendants Izzo and Ghuneim)
### COMMON LAW CONVERSION

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 as if fully stated herein.

50. Mr. DeGioia is the rightful owner of the United States Savings bonds re-issued to defendants Izzo and Ghuneim as described above and now in their possession, and amounting to more than Six Hundred Thousand Dollars ($600,000.00).

51. Defendants Izzo and Ghuneim converted Mr. DeGioia's savings bonds to their own use, without his knowledge and consent, as set forth above.

52. As a result of said conversion, Mr. DeGioia has been damaged in the amount of at least Six Hundred Thousand Dollars ($600,000.00), plus interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
### COMMON LAW FRAUD

53. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 as if fully stated herein.

52. The defendants fraudulently concealed facts with intent to deceive and defraud Ms. DeGioia and various financial and governmental institutions in order to deprive Mr. DeGioia of his property, and with the intention that Mr. DeGioia would rely on defendants' false representations.

53. The representations of defendants were material and were false and misleading, and the defendants knew they were false and misleading at the time they were made.

54. Given the special relationship of trust and confidence between Mr. DeGioia and the defendants, Mr. DeGioia reasonably relied upon the representations and statements described above.

55. Mr. DeGioia has suffered damages as a result of the fraud in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION (Against Defendant Izzo)
### CONSTRUCTIVE TRUCT

56. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 55 as if fully stated herein.

57. Defendant Izzo has a mutual, confidential, and fiduciary relationship with Mr. DeGioia. By virtue of the matters alleged herein, defendant Izzo breached her fiduciary duty of undivided loyalty, due care, candor, good faith and fair dealing.

58. Given the special relationship of trust and confidence between defendant Izzo and Mr. DeGioia, Mr. DeGioia reasonably relied on the defendant Izzo to manage his money and assets, and handle his affairs.

59. With intent to deceive and defraud Mr. DeGioia and with the intention that Mr. DeGioia would rely thereon, defendant Izzo fraudulently concealed and misrepresented facts to Mr. DeGioia in order to deprive Mr. DeGioia of his money and assets.

60. As a direct and proximate consequence of defendant Izzo's conduct described herein, the defendants have been unjustly enriched and hold in constructive trust for Mr. DeGioia the money and assets of which they have deprived him.

WHEREFORE, Mr. DeGioia demands judgment against the defendants as follows:

(i) for defendants' violations of the Racketeer Influenced Corrupt Organizations Act, treble damages against all defendants, jointly and severally, in an amount to be proven at trial, together with pre-judgment interest, costs and attorneys' fees; and,

(ii) against defendants Rose Izzo and Kevin Izzo for their conversion of and conspiracy to convert Mr. DeGioia's money contained his various bank accounts to their own personal possession and use, compensatory and punitive damages against all defendants, jointly and severally, in an amount no less than $500,000.00, together with pre-judgment interest, costs and attorneys' fees; and,

(iii) against defendants Rose Izzo and Samantha Rose Ghuneim for their conversion of and conspiracy to convert hundreds of U.S. Savings Bonds their own use, compensatory and punitive damages, jointly and severally, in an amount to be determined at trial, together with pre-judgment interest, costs and attorneys' fees; and,

(iv) for their fraud against and conspiracy to defraud Mr. DeGioia, compensatory and punitive damages against all defendants, jointly and severally, in an amount to be proven at trial, together with pre-judgment interest, costs and attorneys' fees; and,

(v) for their breach of and conspiracy to breach their fiduciary duties, restitution of the monies held in constructive trust for Mr. DeGioia, a complete accounting and compensatory and punitive damages against all defendants, jointly and severally, in an amount to be proven at trial, together with pre-judgment interest, costs and attorneys' fees; and,

(vi) such further relief as may be appropriate.

Dated: Brooklyn, New York
April 2, 2008

Respectfully Submitted,

Robert Wanker, Esq. (RW7656)
425 73rd Street
Brooklyn, New York 11209
(718) 745-3835

## VERIFICATION

STATE OF NEW YORK )
                  : SS.:
COUNTY OF KINGS   )

     VINCENT DEGIOIA, being duly sworn, deposes and says: I am the plaintiff in the within action; I have read the content of the annexed document(s) and same is true to my own knowledge.

                                        _____
                                            VINCENT DEGIOIA

Duly sworn to before me this
2nd day of April, 2008

_____
Notary Public

ROBERT WANKER
Notary Public, State of New York
No. 02WA6068606
Qualified in Kings County
Commission Expires 01/07/2010

## CLIENT CERTIFICATION

I, VINCENT DEGIOIA, certify under penalty of perjury that I have carefully read and reviewed the annexed document(s) and that all the information contained in that document is true and accurate in all respects to the best of my knowledge and understanding.

I further certify under penalty of perjury that neither my attorney nor anyone acting on my attorney's behalf was the source of any information contained in the annexed document; that I provided all the information contained in the annexed document to my attorney; and that I understand my attorney in executing the Attorney Certification required by 22 NYCRR Section 202.16 (e) is relying entirely on the information provided by me and upon my certification that all such information is true and accurate.

I further certify that the annexed document includes all information which I provided to my attorney which is relevant to such document and that my attorney has not deleted, omitted, or excluded any such information.

Dated:   Brooklyn, New York
         April 2, 2008

_____
VINCENT DEGIOIA

## ATTORNEY CERTIFICATION

I, ROBERT WANKER, ESQ., hereby certify under penalty of perjury and as an officer of the court that I have no knowledge that the substance of any of the factual submissions contained in this document are false.

Dated:   Brooklyn, New York
         April 2, 2008

_____
ROBERT WANKER, ESQ.

UNITED STATES DISTIRCT COURT
EASTERN DISTRICT OF NEW YORK

VINCENT DEGIOIA,

Plaintiff,

-against-

ROSE IZZO, KEVIN IZZO
(a/k/a KEVIN BALTUSKONIS), and
SAMANTHA ROSE GHUNEIM.

Defendants.

SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

ROBERT WANKER, ESQ.

Attorney for plaintiff

ROBERT WANKER, ESQ.

Office and Post Office Address, Telephone

425-73rd Street
Brooklyn, New York 11209
718/745-3835

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated

---

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

Attorney for

Office and Post Office Address

To

Attorney(s) for

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at
M.
Dated,

Yours, etc.

Attorney for

Office and Post Office Address

To

Attorney(s) for